IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:      ETHICON, INC.
            PELVIC REPAIR SYSTEMS
            PRODUCT LIABILITY LITIGATION            MDL No. 2327

---

THIS DOCUMENT RELATES TO:

*Debbie Duncan, et al. v. Ethicon, Inc., et al.*        Civil Action No. 2:12-cv-04904

## MEMORANDUM OPINION & ORDER

Pending before the court is the defendants' Motion to Dismiss or for Other Relief [ECF No. 34] filed on January 4, 2017. Plaintiffs' counsel filed a Statement of Non-Opposition to Defendant Ethicon, Inc.'s Motion to Dismiss or for Other Relief [ECF No. 37]. The matter is now ripe for decision. For the following reasons, the defendants' Motion is **GRANTED**.

## I.      BACKGROUND

Ethicon initially served a notice of deposition to depose Ms. Duncan on December 15, 2016. Notice Video Deposition [ECF No. 30]. Ethicon later amended that date to December 13, 2016; however, the plaintiff failed to attend that deposition despite receiving notice. *See* Mot. Dismiss, Ex. D. Ethicon now moves to dismiss this case because, among other reasons, Ms. Duncan failed to attend her deposition.

## II.      LEGAL STANDARD

Rule 37(d)(1) of the Federal Rules of Civil Procedure permits me to sanction a party who fails to show up for a properly noticed deposition. Fed. R. Civ. P.

37(d)(1)(A). Permissible sanctions for failing to attend a deposition include dismissal of the action. Fed. R. Civ. P. 37(d)(3). Where dismissal is a potential sanction, courts have narrower discretion because "the district court's desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503 (4th Cir. 1977)); *see also Viswanathan v. Scotland Cty. Bd. of Educ.*, 165 F.R.D. 50, 53 (M.D.N.C. 1995), *aff'd*, 76 F.3d 377 (4th Cir. 1996) (applying the *Wilson* factors where a plaintiff failed to attend his own deposition). To determine whether dismissal is warranted, courts must consider "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Richards & Assocs., Inc.*, 872 F.2d at 92.

The realities of multidistrict litigation and the unique problems an MDL judge faces weigh heavy when balancing the four factors. Specifically, when handling seven MDLs, each containing thousands of individual cases, case management becomes of utmost importance. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (emphasizing the "enormous" task of an MDL court in "figur[ing] out a way to move thousands of cases toward resolution on the merits while at the same time respecting their individuality"); H.R. Rep. No. 90-1130, at 1 (1967), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1901 (stating that the purpose of establishing

MDLs is to "assure the uniform and expeditious treatment" of the included cases). I must define rules for discovery and then strictly adhere to those rules, with the purpose of ensuring that pretrial litigation flows as smoothly and efficiently as possible. *See Phenylpropanolamine*, 460 F.3d. at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). In turn, counsel must collaborate with the court "in fashioning workable programmatic procedures" and cooperate with these procedures thereafter. *In re Phenylpropanolamine*, 460 F.3d at 1232; *see also* Fed. R. Civ. P. 1. Pretrial orders—and the parties' compliance with those orders and the deadlines set forth therein—"are the engine that drives disposition on the merits." *In re Phenylpropanolamine*, 460 F.3d at 1232. And a "willingness to resort to sanctions" in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation. *Id.*; *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.").

### III.    DISCUSSION

First, although I do not have sufficient facts to determine that the plaintiffs

acted in bad faith, the plaintiffs' noncompliance was so severe that their counsel filed a Statement of Non-Opposition to Ethicon's Motion—a Motion that sought to dismiss this case with prejudice. Such noncompliance weighs heavily against the plaintiffs. Additionally, Ms. Duncan's deposition is of utmost importance to the defendants' case because it is she who was implanted with the mesh at issue in this case and she who bears the burden of proof in this case. Furthermore, as I have stressed before, MDLs exist to facilitate efficiency in voluminous matters—efficient discovery is vital. When parties fail to comply with discovery deadlines, a domino effect develops, resulting in the disruption of other MDL cases. Parties must not be permitted to disregard discovery and thereby disrupt MDL cases. Dismissal discourages the disregard illustrated in this case. Finally, I do not believe that less drastic sanctions are adequate in this situation. Lesser sanctions cannot give the defendants back the preparation time they lost in this case.[1]

## IV.   CONCLUSION

For the foregoing reasons, I **ORDER** that the defendants' Motion to Dismiss or for Other Relief [ECF No. 34] is **GRANTED** and that the plaintiffs' case is **DISMISSED with prejudice**.

---

[1] The defendants also argue that I should dismiss the case because the plaintiffs did not serve a PFS before the November 28, 2016, deadline established in PTO No. 243. Because I determine that Ms. Duncan's failure to attend the deposition is sufficient to invoke dismissal, I need not address that issue.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     February 14, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE